UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LISA J. HESS,
      Appellant,

v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
AT-0752-15-0576-I-1

DATE: February 3, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas J. Connick, Esquire, Beachwood, Ohio, for the appellant.

Jason L. Hardy, Esquire, and Margaret L. Baskette, Esquire, Tampa,
    Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary disability retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant served as a supervisory employee with the agency in Tampa, Florida. Initial Appeal File (IAF), Tab 7 at 113. Beginning in February 2013, the appellant was absent from work and placed in an absence without leave (AWOL) status. *Id*. The appellant returned to work for 1 day in April 2013, and was again AWOL thereafter. *Id*. The appellant submitted an application for disability retirement on May 10, 2013, citing several emotional and physical disabilities that prevented her from performing her supervisory responsibilities. *See Hess v. U.S. Postal Service*, MSPB Docket No. AT-0752-14-0058-I-1, Initial Appeal File (0058 IAF), Tab 5 at 97-102.

¶3 While the appellant's application for disability retirement was pending, the agency initiated a removal action based upon attendance-related misconduct, which it subsequently imposed and then rescinded. IAF, Tab 8 at 78. The agency thereafter issued the appellant a second notice of proposed removal, again citing her unacceptable attendance. *Id*. at 125-29. In response, the appellant submitted a doctor's note suggesting she could return to work on a part-time trial basis. *Id*. at 92. The agency construed the appellant's doctor's note as a reasonable accommodation request, and it referred her to its reasonable accommodation

committee. *Id*. at 137. The agency's reasonable accommodation committee asked the appellant to supply supporting documentation for her request, and it scheduled her for an accommodation meeting. *Id*. at 90, 93. Prior to the meeting, however, the Office of Personnel Management (OPM) approved the appellant's application for disability retirement, which she accepted. 0058 IAF, Tab 26 at 58; *see* IAF, Tab 8 at 140.

¶4    The appellant filed a separate Board appeal of her removal, during which she alleged that the agency constructively removed her by forcing her to apply for disability retirement. 0058 IAF, Tab 9. The administrative judge docketed the appellant's allegation of an involuntary disability retirement as a separate appeal, and he apprised her of the burden of establishing the Board's jurisdiction over her appeal. IAF, Tabs 1-2. In response, the appellant alleged that she was subjected to frequent harassment in 2012 and 2013, that she was subjected to discrimination and retaliation for engaging in prior equal employment opportunity (EEO) and whistleblowing activity, and that "[a]fter informal mediation of [her] EEO complaint failed, [she] felt that [her] only choice was to seek disability retirement." IAF, Tab 1 at 67-70.

¶5    The administrative judge issued an initial decision dismissing the appellant's involuntary disability retirement appeal for lack of jurisdiction without holding the hearing requested by the appellant. IAF, Tab 10, Initial Decision (ID). In his initial decision, the administrative judge found that the appellant failed to nonfrivolously allege either that she was coerced into seeking disability retirement or that the agency denied her a reasonable accommodation that would have allowed her to continue working. ID at 5-9. The appellant has filed a petition for review arguing that the administrative judge erred in dismissing her appeal because, among other things, he should have joined her involuntary appeal with her removal appeal, and he employed a heightened pleading standard in evaluating her allegations of coercion. Petition for Review

(PFR) File, Tab 1 at 12-18.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 5.

¶6    Resignations and retirements are presumed to be voluntary and outside of the Board's jurisdiction.  *See Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 21 (2014).  An involuntary retirement, however, is equivalent to a forced removal within the Board's jurisdiction under chapter 75. *Id*.  An appellant must make nonfrivolous allegations of jurisdiction to be entitled to a hearing, at which point she would be required to prove her claim by a preponderance of the evidence. *Id.*

¶7    An appellant who claims that a retirement was involuntary may rebut the presumption of voluntariness in a variety of ways, including by alleging that her choice to retire was the result of agency misinformation or deception, intolerable working conditions, or an unjustified threat of an adverse action. *See Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 17 (2013).   The Board however, has recognized that involuntary disability retirement cases are somewhat different from ordinary involuntary retirement appeals. *Id*.  To establish the Board's jurisdiction over an involuntary disability retirement appeal, the appellant must show that:  (1) she indicated to the agency that she wished to continue working, but that her medical limitations required a modification of her work conditions or duties; (2) there was a reasonable accommodation available during the period between the date on which she indicated to the agency that she had medical limitations but desired to continue working and the date that she was separated that would have allowed her to continue working; and (3) the agency unjustifiably failed to offer that accommodation. *Id*.

¶8    In certain cases, moreover, the Board has applied the general jurisdiction test for an involuntary retirement in an involuntary disability retirement appeal. *Id*., ¶ 17 n.3; *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493, ¶¶ 13-14 (2011).  In *Vaughan*, the Board explained that, under certain circumstances, it would consider an appellant's allegations of agency coercion or hostility that

caused or exacerbated the medical conditions underlying the appellant's disability retirement application in determining whether she nonfrivolously alleged facts establishing jurisdiction over her involuntary disability retirement appeal. *See* 116 M.S.P.R. 493, ¶ 14.

¶9        Here, the administrative judge analyzed the appellant's allegations of coercion and involuntariness under both standards, and he found that she failed to make a nonfrivolous allegation of jurisdiction under either framework.  For the reasons that follow, we agree with the administrative judge's jurisdictional analysis, which we affirm.

¶10        The appellant alleges that she was absent from duty in February and early March 2013 to care for her mother and that she was absent from duty for the rest of March and part of April 2013 "for [her] own illness."[2]  IAF, Tab 1 at 66.  The appellant, however, has not alleged that she informed the agency of her medical limitations or requested a reasonable accommodation during this time, and we have found no indicia of such a request in the record.  *See id.*  Additionally, the appellant alleges that she was absent from employment beginning in late April 2013 and did not return to work thereafter due to "health reasons."  *Id.* at 67.  The appellant, however, has not alleged that she sought a reasonable accommodation from the agency during this time.  *See Lorenz v. U.S. Postal Service*, 84 M.S.P.R. 670, ¶ 9 (2000) (finding that an appellant generally must inform her employer of her need for an accommodation to prevail on a claim of involuntary disability retirement).

¶11        The only evidence suggesting that the appellant requested a reasonable accommodation is the letter from one of her physicians submitted in response to the agency's second notice of proposed removal.  IAF, Tab 8 at 92.  The record demonstrates, however, that the agency initiated the reasonable accommodation

---

[2] These assertions are contained in the appellant's declaration and are assumed to be true for purposes of the Board's jurisdictional analysis. *See Carey v. Department of Health & Human Services*, 112 M.S.P.R. 106, ¶¶ 6-7 (2009).

process with the appellant upon receipt of this letter and that she accepted disability retirement before presenting medical documentation to, or meeting with, the agency's reasonable accommodation committee. *Id*. at 90, 93, 137. Based on this undisputed chronology, we concur with the administrative judge that the appellant failed to nonfrivolously allege that the agency unjustifiably failed to offer her an accommodation that would allow her to remain at work. *See, e.g.*, *Collins v. U.S. Postal Service*, 100 M.S.P.R. 332, ¶¶ 11-14 (2005) (discussing that an appellant's failure to engage in the interactive process is fatal to a claim of involuntary disability retirement).

¶12        Alternatively, in applying the general involuntary resignation or retirement analysis, the Board will look to the totality of the circumstances to ascertain whether the appellant has nonfrivolously alleged that a reasonable person in her position would have felt compelled to retire. *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013); *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1342 (Fed. Cir. 2001). In assessing the substance of an appellant's allegations of coercion, the U.S. Court of Appeals for the Federal Circuit has emphasized that an appellant must "satisfy a demanding legal standard," which requires more than an allegation of dissatisfaction with the options that the agency has made available to her. *Conforto*, 713 F.3d at 1121 (quoting *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)). Although an appellant need only nonfrivolously allege that she was subjected to acts of coercion that deprived her of her freedom of choice to obtain a jurisdictional hearing in her appeal, an appellant still must allege that the agency effectively imposed her removal by taking improper acts that were so intolerable that she had no other choice but to retire. *Id*. at 1121-22.

¶13        We agree with the administrative judge that the appellant failed to nonfrivolously allege that the agency coerced her into seeking disability retirement under this standard. ID at 4-7. The record reflects that the appellant was absent from work beginning in February 2013, and that she applied for

disability retirement a few months later. IAF, Tab 1 at 66-67; 0058 IAF, Tab 5 at 97. The only specific allegation of alleged harassment proffered by the appellant concerns her interaction with a coworker in November 2012.[3] IAF, Tab 1 at 43-46. The administrative judge properly considered this allegation as part of the totality of the circumstances surrounding the appellant's decision to seek disability retirement, and he found that a reasonable person in the appellant's position would not have felt compelled to resign based on this interaction with a colleague. *See Shoaf*, 260 F.3d at 1342 ("[I]n measuring the voluntariness of an employee's resignation or retirement, all of the activities surrounding his or her resignation or retirement, even events not immediately preceding the leave of employ, must be considered."); ID at 7. Based on the lapse in time between this event and the appellant's application for disability retirement, we agree that this incident does not reveal working conditions so intolerable that a reasonable person would have felt compelled to leave employment. *See Shoaf*, 260 F.3d at 1342 (explaining that "the most probative evidence of involuntariness" is that which occurs in "a relatively short period of time between the employer's alleged coercive acts and the employee's retirement").

¶14 We note, moreover, that the appellant has failed to allege how this one incident caused or exacerbated the medical conditions underlying her disability retirement. To establish the Board's jurisdiction over her involuntary disability retirement under *Vaughan*, the appellant must show that the agency's improper acts caused or exacerbated her underlying medical conditions. *See* 116 M.S.P.R. 493, ¶ 14. We find that the appellant has failed to allege any such linkage between her November 2012 interaction with a coworker and her May 2013

---

[3] The appellant also has asserted generally that she was harassed by her supervisor prior to applying for disability retirement. IAF, Tab 1 at 67. In *Conforto*, the Federal Circuit found the employee's generic allegation of discrimination insufficient to establish the Board's jurisdiction over her involuntary retirement appeal. *See* 713 F.3d at 1123. Here, we find the appellant's general allegation of harassment insufficient to constitute a nonfrivolous allegation of jurisdiction.

disability retirement application for purposes of establishing the Board's jurisdiction over her involuntary disability retirement appeal.

¶15        Finally, we find no merit to the appellant's argument that the administrative judge erred in failing to join the instant appeal with her removal appeal. PFR File, Tab 1 at 12-14. Importantly, the appellant applied for disability retirement 1 month before the agency initiated its removal proceedings; any evidence concerning the agency's charge of misconduct, or her affirmative defenses, would have no connection to her earlier decision to seek disability retirement.[4] *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 10 (2013) (explaining that a removal or resignation may be involuntary when an employee elects to resign or retire to avoid a threatened action that the agency knows it cannot substantiate). Additionally, because the jurisdictional analysis in this appeal differs from the issues presented in the appellant's removal appeal, we find that the administrative judge did not abuse his discretion in adjudicating the appeals separately. *See* 5 U.S.C. § 7701(f)(2); 5 C.F.R. § 1201.36(b).

¶16        The administrative judge's jurisdictional dismissal of the appellant's involuntary disability retirement appeal is affirmed, and the appellant's petition for review is denied.

---

[4] We acknowledge that a second removal proposal was pending when the appellant accepted OPM's approval of her disability retirement application. IAF, Tab 8 at 125-29 (second notice of proposed removal); 0058 IAF, Tab 26 at 58 (approval of disability retirement). Because the agency was engaged in the reasonable accommodation interactive process with the appellant during this time, IAF, Tab 8 at 137, and because the agency had not yet issued a final decision on the proposed action, we cannot conclude that the pendency of the second proposed removal left the appellant with no alternative but to retire. *See Garland v. Department of the Air Force*, 44 M.S.P.R. 537, 541 (1990). The appellant, moreover, has failed to nonfrivolously allege that there was no arguable basis for the agency's attendance-related charge, and it is undisputed that she was absent from employment for the period of time specified in the agency's second notice of proposed removal. IAF, Tab 8 at 35-37, 125-29.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                   _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.